FLND Form 245B (rev 12/2003) Judgment in a Criminal Case                                                      Page 1 of 8
1:08CR30-001 - CRAIG MATTHEW FEIGIN

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**UNITED STATES OF AMERICA**

-vs-                                                        Case # 1:08CR30-001

**CRAIG MATTHEW FEIGIN**
                                                            USM # 20568-017

                                                            Defendant's Attorney:
                                                            Jonathan Kirchner (Retained)
                                                            200 S. Indian River Drive,, Suite 200
                                                            Ft. Pierce, FL 34950

_____

## JUDGMENT IN A CRIMINAL CASE

The defendant pled guilty to Count 1 of the Indictment on December 16, 2008.  Accordingly, **IT IS ORDERED** that the defendant is adjudged guilty of such count(s) which involve(s) the following offense(s):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 U.S.C. §§ 1030(a)(2) and 1030(c)(2)(B)(ii) | Unauthorized Access of a Computer and Obtaining Information from a Protected Computer | July 28, 2008 | One |

The defendant is sentenced as provided in the following pages of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984, including amendments effective subsequent to 1984, and the Sentencing Guidelines promulgated by the U.S. Sentencing Commission.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.


                                                            Date of Imposition of Sentence:
                                                            April 2, 2009



                                                            s/Maurice M. Paul
                                                            MAURICE M. PAUL, SENIOR
                                                            UNITED STATES DISTRICT JUDGE
                                                            April 10, 2009

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*  *Page 2 of 8*
*1:08CR30-001 - CRAIG MATTHEW FEIGIN*

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **Thirty (30) months**.

      The defendant shall surrender to the United States Marshal in Miami, FL or to the institution designated by the Bureau of Prisons on May 1, 2009, no later than 12:00 noon. The O/R or unsecured bond is continued until the executed return of judgment is filed with the court at which time the bond is exonerated.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

  at _____, with a certified copy of this judgment.

                                                                       _____
                                                                        UNITED STATES MARSHAL

                                               By:_____
                                                                   Deputy U.S. Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **Three (3) years**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime and shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the following standard conditions that have been adopted by this court.

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;

2. the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. the defendant shall support his or her dependents and meet other family responsibilities;

5. the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

7. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case* *Page 4 of 8*
*1:08CR30-001 - CRAIG MATTHEW FEIGIN*

9.  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11. the defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14. if this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

15. The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

16. The defendant shall cooperate in the collection of DNA as directed by the probation officer.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

The defendant shall not own or possess a firearm, dangerous weapon or destructive device.

The defendant shall remain gainfully employed or actively seek employment while under supervision.

The defendant shall pay any unpaid restitution in monthly installment of not less than $200.00, to commence no later than 60 days after release from imprisonment.

The defendant shall consent to the U.S. Probation Office conducting unannounced examination of the defendants's computer system(s) and internal/external storage devices, which may include retrieval and copying of all memory from hardware/software and/or removal of such system(s) for the purpose of conducting a more thorough inspection. The defendant shall also consent to the installation of any hardware/software systems designed to monitor computer activities on any computer the defendant is authorized to use. Further, the defendant shall be required to contribute to the costs of the computer monitoring based upon financial ability.

FLND Form 245B (rev 12/2003) Judgment in a Criminal Case                                    Page 5 of 8
1:08CR30-001 - CRAIG MATTHEW FEIGIN

The defendant shall consent to third party disclosure to any employer or potential employer, concerning any computer-related restriction that are imposed upon the defendant.

### **Electronic System Access Restrictions**

1. Defendant may not use a computer device including, without limitation, computers, PDAs, and cellphones, to access any electronic system that extends beyond that computer device including, without limitation, a network, the Internet, email, IRC, direct socket connection, and FTP, except as provided in Paragraghs 2 and 3 below.

2. If defendant desires to use a computer device to access any electronic system that extends beyond that computer device, defendant may only do so in the following manner:

   a. Defendant must prearrange for the probation office, or a substitute named by the probation office, such as an employer, to directly supervise his access, or

   b. Defendant must:

      i. Prearrange for the probation office to designate a permissible computer and static IP address for Defendant to use for access;

      ii. Limit his access to using that computer and static IP address, except access pursuant to subparagraph 2.a, above;

      iii. Limit the access from that computer and static IP address to defendant;

      iv. Consent to the U.S. Probation Office conducting unannounced examinations of the defendant's computer system(s) and internal/external storage devices, which may include retrieval and copying of all memory from hardware/software and/or removal of such system(s) for the purpose of conducting a more thorough inspection;

      v. Consent to the installation of any hardware/software systems designated to monitor computer activities on any computer the defendant is authorized to use. Further, Defendant shall be required to contribute to the costs of the computer monitoring based upon financial ability; and

      vi. Consent in writing, in advance, to the release of all information regarding computer usage, including, without limitation, the accesses described in paragraph 1, from any third party, including, without limitation, the Internet Service Provider who provides the static IP address listed in subparagraph 2.b.i above.

3. During any access by the defendant described in Paragraphs 1 or 2, the following actions, or attempts to take such actions, are not permitted:

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*  *Page 6 of 8*
*1:08CR30-001 - CRAIG MATTHEW FEIGIN*

    a.     to access, upload, download, or distribute sexually explicit material or material containing nudity, regardless of whether that material is considered pornographic;

    b.     to transmit obscene, abusive, sexually explicit, or threatening language;

    c.     to violate any local, state, or federal statute;

    d.     to vandalize, damage, or disable the property of another individual or organization;

    e.     to access another individual's network, computer device as defined in Paragraph 1, materials, information, or files without permission;

    f.     to violate copyright or otherwise use the intellectual property of another individual or organization without permission; or

    g.     to access any information system including, without limitation, a website, server, newsgroup, blog, IRC channel, chatroom, torrent, mailing list or FTP server, that

        i.     promotes, or provides information that promotes, the propagation, distribution, housing, processing, storing, or handling in any way of viruses, Trojan horses, worms, time bombs, cancelbots, corrupted files, or any other similar software or programs that may damage the operation of another's computer or property of another, or which may allow unauthorized access to another's computer device or network.

        ii.     promotes, or provides information that promotes, the propagation, distribution, housing, processing, storing, or handling in any way of Pirated or Hacking / Phreaking Software (Warez).

    Upon a finding of a violation of probation or supervised release, I understand the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

    These conditions have been read to me.  I fully understand the conditions and have been provided a copy of them.


_____      _____
Defendant      Date


_____      _____
U.S. Probation Officer/Designated Witness      Date

# CRIMINAL MONETARY PENALTIES

All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk, U.S. District Court, unless otherwise directed by the Court. Payments shall be made payable to the Clerk, U.S. District Court, and mailed to 111 N. Adams St., Suite 322, Tallahassee, FL 32301-7717. Payments can be made in the form of cash if paid in person.

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

## SUMMARY

| Special Monetary Assessment | Fine | Restitution |
|---|---|---|
| $100.00 | NONE | $914.00 |

## SPECIAL MONETARY ASSESSMENT

A special monetary assessment of **$100.00** is imposed.

No fine imposed.

## RESTITUTION

Restitution in the amount of **$914.00** is imposed.

The defendant shall make restitution to the following victims in the amounts listed below.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered |
|---|---|---|
| Marisol Garcia | $914.00 | $914.00 |

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise. If nominal payments are made by the defendant the court authorizes those payments to be made to the victims on a rotating basis.

The amount of loss and the amount of restitution ordered will be the same unless, pursuant to 18 U.S.C. § 3664(f)(3)(B), the court orders nominal payments and this is reflected in the Statement of Reasons page.

The Court has determined that the defendant does not have the ability to pay interest. It is **ORDERED** that:

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) special monetary assessment; (2) non-federal victim restitution; (3) federal victim restitution; (4) fine principal; (5) costs; (6) interest; (7) penalties in full immediately

in installments to commence 60 day(s) after release from imprisonment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision the U.S. probation office shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

In monthly installments of not less than $200.00 over a period of 3 years to commence 60 days after release from imprisonment.

Payment during the term of supervised release will commence within 60 days after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time.

The defendant must notify the court of any material changes in the defendant's economic circumstances, in accordance with 18 U.S.C. §§ 3572(d), 3664(k) and 3664(n). Upon notice of a change in the defendant's economic condition, the Court may adjust the installment payment schedule as the interests of justice require.

Special instructions regarding the payment of criminal monetary penalties pursuant to 18 U.S.C. § 3664(f)(3)(A):

Unless the court has expressly ordered otherwise above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. In the event the entire amount of monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due. The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.